UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BENEDICTA G. CASERES,

        Plaintiff,               CIV. S-04-1294 PAN

    v.

JO ANNE B. BARNHART,            Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff supplemental security income benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence

of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 416.920(f).

Defendant found plaintiff was eligible, suffers from coronary artery disease, hypertension and diabetes but no listed impairment, that she retains the capacity for work that does not require heavy lifting, including her past work as sewing machine operator, and is not disabled.  Tr. 32-39.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1427 (1971), but less than a preponderance, Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.  Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision.  Gonzalez v. Sullivan, supra, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims defendant erroneously rejected the opinion of plaintiff's treating cardiologist, discredited plaintiff's subjective complaints and refused to allow adequate time for plaintiff to obtain counsel and that new evidence presented to the appeals council requires reversal.

In July 2000, Dr. Gurinder Singh Grewal, a cardiologist who treated plaintiff since December 1997 and who saw her at least every three months, wrote that she was permanently disabled by congestive heart failure secondary to cardiomyopathy.  Tr. 226.  But Dr. Grewal saw plaintiff in his office on September 25, 2000, and wrote afterward that "she has no clinical CHF."  Tr. 221.  Dr. Usman Ali, board certified in internal medicine, examined plaintiff in November 2000.  He diagnosed cardiomyopathy but thought plaintiff could work.  Tr. 393.

3

1    Defendant gave "little weight to Dr. Grewal's assessment, as it is inconsistent with the treatment records" and gave "greater weight" to Dr. Ali's assessment.  Tr. 38.

4    The opinion of a treating physician is given deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) (citations omitted). However, the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability.  See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n. 7 (9th Cir. 1989).  When a nontreating physician's opinion contradicts that of the treating physician--but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician--the opinion of the treating physician may be rejected only if the administrative law judge gives "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Magallanes, 881 F.2d at 751, 755 (quoting Sprague, 812 F.2d at 1230).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes, 881 F.2d at 750, (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)).  Where medical reports are inconclusive, "questions of credibility and resolution of conflicts in the testimony are

4

functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982) (quoting Waters v. Gardner, 452 F.2d 855, 858 n. 7 (9th Cir. 1971)). Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1999).

This court cannot determine from the record whether defendant has met its burden because there is no discussion of the terms used by the doctors nor any findings that their opinions are based upon different clinical findings. Indeed, independent medical research suggests they may have been talking about the same thing and only disagreed about the extent of impairment imposed. Cardiomyopathy apparently is weakening of the heart muscle that causes inadequate pumping. Symptoms include shortness or breath (dyspnea) decreasing tolerance for physical exertion, chest pain ("angina"), a sharp unrelenting pressure in the middle of the chest, fainting, light-headedness, dizziness, palpitations, swelling and fatigue. Congestive heart failure occurs when the heart fails to pump as much blood as the body needs. Apparently it may result from coronary artery disease. There is no dispute that plaintiff has coronary artery disease and cardiomyopathy. Cardiomyopathy, in turn, apparently may cause episodes of congestive heart failure that Dr. Grewal may have seen over the course of time but Dr. Ali may not have during his brief examination and review of what apparently was less than the entire medical record.

////

////

1   The decision denying benefits is reversed and the matter
2   is remanded for further proceedings.
3   Dated: May 18, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge