IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENEDICTA G. CASERES,

       Plaintiff,                  No. CIV S-04-1294 PAN

      vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.               <u>ORDER</u>

―――――――――――――――――――/

        Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks an award of $4,654.59 in attorney fees. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the amount of hours claimed is unreasonable.

        A. Substantial Justification

        The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under

1

sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four pursuant to the order of the court on cross-motions for summary judgment. See Order filed May 19, 2005. Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

Defendant contends the government's position was substantially justified. In support of this contention, defendant essentially puts forth the same arguments submitted in

support of the government's cross-motion for summary judgment. Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing. In reviewing the transcript, briefing on the plaintiff's motion for summary judgment, defendant's cross-motion for summary judgment and order reversing the denial of benefits and remanding for further proceedings, the court has determined defendant's position had no reasonable basis in either law or fact. The ALJ gave little weight to plaintiff's treating physician, Dr. Grewal, a cardiologist, and gave greater weight to the State agency nonexamining physician, Dr. Ali, failing to properly assess the appropriate weight afforded treating physicians. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991). The government's position thus was not substantially justified and fees under the EAJA therefore will be awarded.

          B.  Reasonable Fee

Defendant contends that the hours expended by plaintiff's counsel are unreasonable. In this regard, 28 U.S.C. § 2412(d)(2)(A) expressly provides for an award of "reasonable" attorney fees. However, "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins v. Apfel, 154 F.3d 986, 989 (9th Cir. 1998)(citing Hensley v. Eckhart, 461 U.S. 424 (1983)). The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. (quoting Hensley, 461 U.S. at 437.) See also Commissioner, INS v. Jean, 496 U.S. 154 (1990).

Here, plaintiff has submitted an accounting for 19.2 hours of attorney time and 5.3 hours of paralegal time. Plaintiff's counsel secured a remand for further proceedings. Defendant argues that counsel has billed for duplicative time and clerical tasks, and that certain tasks were billed at an unreasonably high amount of time.

The undersigned declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., McDannel v. Apfel, 78 F. Supp. 2d 944, 954 (S.D. Iowa 1999); Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993). However, having carefully reviewed the

3

pending motion, the opposition and plaintiff's reply, the court finds the claimed hours are a reasonable amount of attorney and paralegal time to have expended on this matter.  There is no evidence of padding.  While the issues presented were straightforward, the nuances of cardiomyopathy and congestive heart failure and their specific manifestation within plaintiff required medical research.  The court is mindful of the expertise of plaintiff's counsel, and finds the requested 19.2 hours of attorney time and 5.3 hours of paralegal time are well below the amount of time devoted to similar tasks by counsel in other social security appeals coming before this court.  Therefore, counsel for plaintiff is entitled to an EAJA fees award of $4,654.45,[1] which can be broken down as follows:

| Name | Time | Rate[2] | Total |
|---|---|---|---|
| Ann M. Cerney | 2004:   4.1 hours<br>2005:   4.5 hours | 2004: $151.65/hr<br>2005: $155.35/hr | 2004:     621.77<br>2005:     699.07 |
| Chantal J. Harrington | 2005: 16.9 hours | 2005: $155.35/hr | 2005: $2,625.41 |
| Terry V. Sousa (paralegal) | 5.3 hours | $75.00/hr | $ 397.50 |
| Sarah H. Bohr | 2005:   2.0 hours | 2005: $155.35/hr | 2005: $ 310.70 |
|  |  | TOTAL | $4,654.45 |

The court will order that the motion for attorney fees under EAJA be granted and that counsel for plaintiff be awarded a total EAJA award of $4,654.45.

      Accordingly,  IT IS HEREBY ORDERED that:

      1. Counsel for plaintiff's August 11, 2005 petition for attorney fees is granted; and

/////

---

[1]  The court notes that this figure differs slightly from the $4,654.49 figure sought by plaintiff's counsel, based on differences in rounding.

[2]  Defendant did not object to the calculation of the hourly rate and the rate was calculated properly using national, annual CPI figures.  See EAJA Petition at 5.

2. Fees pursuant to EAJA are awarded to counsel for plaintiff in the amount of $4,654.45.

DATED:  August 1, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001; caseres.eaja